UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORDERO ANTHONY MARTIN,<br><br>Plaintiff,<br><br>v.<br><br>KERN COUNTY, *et al.*,<br><br>Defendants. | Case No.:  1:26-cv-02823-JLT-CDB<br><br>ORDER DIRECTING PLAINTIFF TO SHOW CAUSE REGARDING LACK OF SUBJECT MATTER JURISDICTION<br><br>(Doc. 1)<br><br>**21-DAY DEADLINE** |

Plaintiff Cordero Anthony Martin ("Plaintiff") initiated this action with the filing of a complaint on April 14, 2026.  (Doc. 1).

**Background**

Plaintiff names as defendants the County of Kern; Gina M. Cervantes, Superior Court Judge in Bakersfield, California; Tara Leal, Clerk of Court in Bakersfield, California; and Vanessa Guerra, Deputy Clerk of Court in Bakersfield, California.  Plaintiff alleges that each individual Defendant is named in their official and individual capacity.  *Id.* at 1-4.

The factual allegations in Plaintiff's complaint are sparse – he asserts only that Defendants Cervantes, Leal, and Guerra "have entered a civil conspiracy … causing extreme emotional duress withhold the approval of a confidential name change to escape harm, abuse, stalking, and trafficking [sic]."  Without any explanation or discussion, Plaintiff refers to a motion filed in *Cordero v. City of McFarland, et al.*, No. 1:25-cv-00483-CDB, on January 5, 2026, as "proving the

fact in this matter." Plaintiff provides that the individual Defendants work for the County of Kern and the County of Kern is therefore liable. *Id.* at 5. Plaintiff does not provide any other factual allegations in support of his claims, which consist of threat of false imprisonment, deprivation of liberty interest under 42 U.S.C. § 1983, civil conspiracy under 42 U.S.C. § 1985, and 18 U.S.C. § 241. *Id.* at 4.

**Discussion**

The Court has a duty to consider its own subject matter jurisdiction, regardless of whether the issue is raised by the parties and is required to dismiss an action over which it lacks jurisdiction. *See Morongo Bank of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988); Fed. R. Civ. P. 12(h)(3). Federal courts have limited jurisdiction and can adjudicate only those cases which the United States Constitution and Congress authorize them to adjudicate. *Kokkonen v. Guardian Life Ins. Co.*, 551 U.S. 375 (1994). "To proceed in federal court, a plaintiff's pleading must establish the existence of subject matter jurisdiction. Generally, there are two potential bases for the federal subject matter jurisdiction: (1) federal question jurisdiction, or (2) diversity jurisdiction." *Martinez v. Hoff*, No. 1:19-cv-00923-LJO-SKO, 2019 WL 3564178, at *1 (E.D. Cal. Aug. 6, 2019).

Plaintiff asserts subject matter jurisdiction exists here pursuant to both federal question and diversity of citizenship. (Doc. 1 at 3).

**A. Diversity Jurisdiction**

28 U.S.C. § 1332(a) vests district courts with original jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and is between citizens of different states. Section 1332 requires complete diversity, i.e., that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67-68 (1996). "Subject-matter jurisdiction can never be waived or forfeited," and "courts are obligated to consider *sua sponte*" subject matter jurisdiction even when not raised by the parties. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

Here, first, Plaintiff alleges over $15,000,000 in damages for emotional duress and $7,000,000 in punitive damages. (Doc. 1 at 6). However, Plaintiff does not plausibly allege support

2

for these amounts. *See id.*

Second, Plaintiff asserts that diversity of citizenship exists in that all Defendants are citizens of California and he is a citizen of Florida. *Id.* at 2-3. However, Plaintiff's address is stated to be in Bakersfield, California. *Id.* at 2. Thus, it appears to the Court that both Plaintiff and Defendants may be citizens of California, in which case complete diversity does not exist and the Court is deprived of subject matter jurisdiction on a diversity of citizenship basis.

**B. Federal Question Jurisdiction**

A case "arises" under federal law either where federal law itself creates the cause of action or where the vindication of a state law right would "necessarily [turn] on some construction of federal law." *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)). Stated otherwise, a claim arises under federal law if the complaint cognizably pleads that federal law created the claim asserted or the plaintiff's right to relief necessarily depends on resolving a substantial question of federal law. *Franchise Tax Bd*, 463 U.S. at 27-28. Courts determine whether they have federal question jurisdiction by applying the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id*. Federal question jurisdiction does not arise from the "mere presence of a federal issue in a state cause of action." *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 813 (1986); *see Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) (holding that passing references to federal issues are not a "password opening federal courts to any state action embracing a point of federal law").

Here, Plaintiff's complaint is unclear and the factual allegations are lacking. Plaintiff references federal statutes, such as 42 U.S.C. § 1983. However, mere references to federal statutes are not enough to establish federal jurisdiction. *See Roberts v. Olson*, No. 22-cv-1373 JLS (BLM), 2023 WL 1869337, at *1 (S.D. Cal. Jan. 25, 2023) ("Mere reference to some aspect of federal law in the complaint does not automatically establish federal question jurisdiction.") (citation and quotation omitted). Additionally, Plaintiff references a filing in another action as support for his

claims but asserts no facts explaining why said filing supports his claims in the instant action. Thus, Plaintiff does not cognizably plead facts sufficient to present a federal question on the face of the complaint.

Additionally, Plaintiff purports to assert claims pursuant to state criminal law, namely false imprisonment, though Plaintiff does not cite to a specific statute. (Doc. 1 at 4). Plaintiff also cites to a federal criminal statute, 18 U.S.C. § 241. *Id.* References to criminal statutes do not state a claim for relief in a civil proceeding. *See Clinton v. Allison*, No. 3:23-cv-01471-CAB-SBC, 2024 WL 1859956, at *10 (S.D. Cal. Apr. 29, 2024) (discussing plaintiff's references to federal and state criminal statutes and finding "criminal statutes do not give rise to civil liability under section 1983"); *Jones v. Cnty. of Sonoma*, No. 23-cv-02730-CRB, 2024 WL 1354496, at *4 (N.D. Cal. Mar. 29, 2024) (finding plaintiff "fails to state a claim under 18 U.S.C. § 1503 because the statute only applies to criminal cases and does not provide a civil cause of action"); *Bland v. Gross*, No. 1:20-cv-00542-DAD-BAM (PC), 2021 WL 120964, at *1 (E.D. Cal. Jan. 13, 2021) ("'Title 18 of the United States Code is a criminal statute and does not provide individual plaintiffs with a private cause of action.'") (quoting *Kennedy v. World Sav. Bank, FSB*, No. 14-cv-05516-JSC, 2015 WL 1814634, at *7 (N.D. Cal. Apr. 21, 2015)). Accordingly, the criminal statutes do not themselves establish a basis for jurisdiction.

In sum, it does not appear that this Court has subject matter jurisdiction over Plaintiff's claims on either a diversity of citizenship or federal question basis. Thus, the Court orders Plaintiff to show cause in writing why this action should not be dismissed for his failure to adequately plead that the Court has subject matter jurisdiction over his claims.

**Conclusion and Order**

For the foregoing reasons, IT IS HEREBY ORDERED that, **within 21 days** of the date of service of this order, Plaintiff SHALL show cause in writing why this action should not be dismissed for lack of subject matter jurisdiction.

///

///

///

4

**Any failure by Plaintiff to comply with this Order will result in the imposition of sanctions, including a recommendation to dismiss this action without prejudice.**

IT IS SO ORDERED.

Dated:  **April 17, 2026**

UNITED STATES MAGISTRATE JUDGE