UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| CORDERO ANTHONY MARTIN,<br><br>           Plaintiff,<br><br>     v.<br><br>KERN COUNTY, *et al.*,<br><br>           Defendants. | Case No.:  1:26-cv-02823-JLT-CDB<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION<br><br>(Docs. 3, 5)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ELECTRONIC FILING PRIVILEGES<br><br>(Doc. 4) |

Plaintiff Cordero Anthony Martin ("Plaintiff") initiated this action with the filing of a complaint on April 14, 2026.  (Doc. 1).

**Order Discharging Order to Show Cause**

On April 20, 2026, the Court directed Plaintiff to show cause why the action should not be dismissed for failure to establish the Court's subject matter jurisdiction over the case.  (Doc. 3).  In its order, the Court noted that Plaintiff provides that all Defendants are citizens of California and he is a citizen of Florida, but Plaintiff's listed address is in Bakersfield, California.  The Court noted that it appears both Plaintiff and Defendants may be citizens of California, in which case the Court is deprived of subject matter jurisdiction on the basis of diversity of citizenship.  The Court also noted that Plaintiff does not cognizably plead facts sufficient to present a federal question on the face of the complaint.  *See id.*

Plaintiff timely filed a response to the Court's order on May 7, 2026.  (Doc. 5).  In his response, Plaintiff asserts that his current address is temporary and that he is, in fact, a citizen of Florida.  Plaintiff attaches to his response a purported copy of his birth certificate indicating his place of birth as Hillsborough County, Florida.  *See id.*

Having considered Plaintiff's response and based on Plaintiff's attestation to facts demonstrating preliminarily that subject matter jurisdiction is satisfied, for purposes of screening the complaint, the undersigned will not recommend at this stage that the Court dismiss this action for lack of subject matter jurisdiction.  The order to show cause (Doc. 3), issued April 20, 2026, will be discharged.

**Order Denying Motion for Electronic Filing Privileges**

Pending before the Court is Plaintiff's motion for permission to participate in electronic case filing, dated April 29, 2026, and filed on the docket on May 7, 2026.  (Doc. 4).  Plaintiff represents that the address he "used with initial filings is a temporary address," the "lease ends June 30 2026[,]" and he "is in the process of procuring a traveling address and will update the district court once secured."  *Id.* ¶ 1.  He represents that he "will be traveling abroad due to political climate" and requests electronic case management privileges to allow him "to respond regardless of global location as a physical address will not be had until conclusion of all actions and [he] return[s] to the United States for entry into law school."  *Id.* ¶¶ 2, 3.

Generally, "self-represented litigants are not permitted to e-file in this district."  *Miller v. Sacramento City Unified School District*, No. 2:21-cv-0757-JAM-CKD PS, 2021 WL 3539733, at *3 (E.D. Cal. Aug. 11, 2021); *see* Local Rule 133(b)(2) ("Any person appearing pro se may not utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge.").  "[E]-filing is a privilege which in some circumstances may be extended to self-represented parties. If the case proceeds beyond the pleadings stage and plaintiff has not abused the filing procedures, the court will consider a further motion for e-filing privileges."  *Miller*, 2021 WL 3539733 at *3.

Here, this case has not proceeded beyond the pleadings stage.  Although Plaintiff does not have access to electronically view the filings in the case, paper copies of all court orders (including minute orders) are mailed to him at the time of their issuance.  It appears Plaintiff has no issue

participating in this case or his other cases pending before the undersigned (*i.e.*, No. 1:25-cv-00483-CDB and No. 1:26-cv-02820-JLT-CDB) without access to e-filing, and there is no indication Plaintiff has not received the Court's orders in any of his cases.  Therefore, the Court will deny Plaintiff's motion for electronic filing privileges at this time.  Based on Plaintiff's representation that his lease is set to end on June 30, 2026, Plaintiff is reminded that he must keep the Court apprised of his current address.  *See* Local Rule 183(b).

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED:

1.  The Court's April 20, 2026, Order to Show Cause (Doc. 3) is HEREBY DISCHARGED; and

2.  Plaintiff's motion for electronic filing privileges (Doc. 4) is DENIED.

IT IS SO ORDERED.

Dated:    **May 12, 2026**                    _____

UNITED STATES MAGISTRATE JUDGE

3